IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CHRISTIAN LEE BRISTER                                           PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 2:12cv71KS-MTP

BEN FORD, INDIVIDUALLY AND AS SHERIFF
OF COVINGTON COUNTY, MISSISSIPPI,
BRIAN PATTERSON, INDIVIDUALLY AND
JOE BULLOCK, INDIVIDUALLY                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on a Motion to Dismiss **[#5]** filed on behalf of defendant Ben Ford, in his individual capacity. The court, having reviewed the motion, the authorities cited, the pleadings and exhibits on file, being advised that the plaintiff has filed no response and being otherwise fully advised in the premises finds that the motion is well taken and should be granted. The court finds specifically as follows:

According to Plaintiff Brister, on March 24, 2011, he was parked at his grandmother's house across from the emergency room of the Covington County Hospital where he intended to go "for medical treatment." Brister contends that "out of nowhere, Covington Deputy Joe Bullock appeared with his pistol drawn and pointed at the Plaintiff shouting for him to freeze." Brister then alleges that he turned and took several steps towards Bullock and Bullock grabbed him by one arm placing the pistol against his head and throwing him into the side of a Blazer. Subsequently, Bullock allegedly took Brister over to a car where Deputy Brian Patterson was standing and

proceeded to search him. Finding nothing, Brister contends that Patterson told Bullock to "get in the truck and they fled the scene."

On March 23, 2012, Brister filed this suit in the Circuit Court of Covington County, Mississippi, against, amongst others, Ben Ford, who was formerly Sheriff of Covington County, Mississippi . Brister's Complaint contends that Covington County deputies Joe Bullock and Brian Patterson unlawfully stopped and arrested him without probable cause and subjected him to excessive force during the allegedly illegal stop and search. Brister's federal claims are brought under 42 U.S.C. § 1983, thus, the case was timely removed to this court.

Ford, in his individual capacity, has moved the Court to dismiss this matter under Rule 12(b)(6) for failure of the Plaintiff to state a claim upon which relief can be granted. In ruling on a 12(b)(6) motion, the Court may not go outside the pleadings, specifically the complaint in this case. "The Rule 12(b)(6) motion . . . only tests whether the claim has been adequately stated in the complaint." 5A C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE: Civil 2d § 1356 at 298 (1990).

As the Fifth Circuit has stated, "We may not go outside the pleadings. We accept all well-pleaded facts as true and view them in the light most favorable to the Plaintiff. We cannot uphold the dismissal 'unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"[1] *Colle v. Brazos County, Texas*, 981 F.2d 237, 243 (5th Cir. 1993)(internal footnotes and citations omitted). *See also, Cinel v. Connick*, 15 F.3rd 1338, 1341 (5th Cir. 1994).

---

[1] Even where the plaintiff fails to respond to the motion, as here, the Court is required to view the facts in the light most favorable to him.

While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the United States Supreme court has held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 540, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007) (other citations omitted). A court should not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).

In addition, to fulfill the protective purpose of qualified immunity, the Fifth Circuit has long required more than mere "notice pleadings" when a claimant asserts a Section 1983 claim against an officer in his individual capacity. *Elliott v. Perez*, 751 F.2d 1472 (5th Cir. 1985). More specifically, when an officer raises the qualified immunity defense, a complaint "must present more than bald allegations and conclusory statements." *Wicks v. Mississippi State Employment Svcs.*, 41 F.3d 991, 995 (5th Cir. 1995). In fact, a plaintiff must "allege with sufficient particularity all facts establishing a right to recovery, including facts which negate the official's immunity defense." *Wicks*, 41 F.3d at 995. *See also, Nunez v. Simms*, 341 F.3d 385 (5th Cir. 2003) (holding that heightened pleading in qualified immunity cases requires plaintiffs rest complaint on more than conclusions alone); *Foster v. City of Lake Jackson*, 28 F.3d 425 (5th Cir. 1994) (burden of negating qualified immunity defense lies with plaintiff).

It is well settled that "individual liability under Section 1983 may not be predicated on the doctrine of respondeat superior," and that "[o]nly the direct acts or omissions of

government officials … will give rise to individual liability under Section 1983." *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 534 (5th Cir. 1997) (citing, *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir. 1994)). Simply put, in order to demonstrate individual liability against Ford, Briser must allege that Ford directly engaged in an activity that led to the alleged constitutional deprivations. In this case, it is clear from Brister's Complaint that former Sheriff Ben Ford was not individually involved in any way, shape, form or fashion in the altercation that allegedly took place on March 24, 2011. Ford's lack of direct participation in the alleged unconstitutional conduct requires this court to dismiss the claims against him in his individual capacity.

To the extent that Brister is attempting to assert a claim against Ford in his individual capacity under a theory of "supervisory liability," the same must be dismissed. The United States Supreme Court addressed this issue in *Ashcroft*, and explained that supervisory liability in a Section 1983 suit is a "misnomer" as each governmental official is only liable for his or her own conduct. 556 U.S. at 677.

However, aside from *Ashcroft*, Brister has failed to allege facts sufficient to state a claim for supervisory liability or to negate Ford's qualified immunity defense. Law enforcement officials, "like other public officials acting within the scope of their official duties, are shielded from claims of civil liability, including § 1983 claims, by qualified immunity." *Morris v. Dillard Dept. Stores, Inc.*, 277 F.3d 743, 753 (5th Cir. 2001). A law enforcement officer is entitled to the cloak of qualified immunity "unless it is shown that, at the time of the incident, he violated a clearly established constitutional right." *Mangieri v. Clifton*, 29 F.3d 1012 (5th Cir. 1994). Significantly, qualified immunity provides "ample protection to all but the plainly incompetent or those who knowingly

violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

In assessing a claim of qualified immunity, courts should apply a two part analysis. The threshold question is "whether Plaintiff's allegations establish a constitutional violation." *Hope v. Pelzer*, 536 U.S. 730, 736 (2002). If "no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity." *Saucier v. Katz*, 533 U.S. 194 (2001); *see also, Pearson v. Callahan,* United States Supreme Court, No. 07-751 ("order of battle" delineated in Saucier is no longer mandatory). However, "if a violation could be made out, the next sequential step is to ask whether the right was clearly established." *Saucier*, 533 U.S. at 201.

It is vital to note that the right that the "official is alleged to have violated must have been "clearly established. in a more particularized, and hence more relevant sense: the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The "relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation confronted." *Saucier*, 533 U.S. at 202. Finally, it is worth noting that "[w]hen a defendant invokes qualified immunity, the burden is on the Plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 307 F.3d 314, 323 (5th Cir. 2002).

The Supreme Court has explained that qualified immunity "gives ample room for mistaken judgments' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Hunter v. Bryant*, 502 U.S. 224 (1991) (quoting *Malley v.*

*Briggs*, 475 U.S. 335, 341 (1986)). Without any allegations in the Complaint which even suggest the direct involvement of former Sheriff Ben Ford in the events of March 24, 2011, Brister's Complaint against Ford must be dismissed with prejudice as to him (Ford).

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Dismiss **[#5]** filed on behalf of defendant Ben Ford, in his individual capacity, is granted and this matter is dismissed with prejudice as to Ben Ford, in his individual capacity. A separate judgment shall be entered herein in accordance with Rule 58, Federal Rules of Civil Procedure.

SO ORDERED AND ADJUDGED this the 13th day of June , 2012.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE